HITCHCOCK *et al. v.* WANZER LAMP CO. *et al.*

(*Circuit Court, N. D. New York.* February 3, 1891.)

1. PATENTS FOR INVENTIONS—FORCE-BLAST LAMPS—INVENTION.
    Letters patent No. 234,916, granted to Robert Hitchcock November 30, 1880, for an improvement in mechanical lamp-shells, covered a device intended to protect the air-forcing mechanism of force-blast lamps from drippings of oil. The specification recited that the oil reservoir was provided with a flat or slightly concave bottom, so that drops of oil could not find their way across it to drop into the works of the air blast below; that a tube or thimble projected upward from below the oil reservoir, so that oil dropping from the side of the reservoir would fall into the cavity between the tube and the lamp-shell. A prior patent described a force-blast lamp with an oil reservoir, the bottom of which overhung the air passage, and was provided with a drip angle, in which there was an annular cavity, formed by the projection of a tube into the converging sides of the lamp-shell. The drip angle formed a circle larger than the tube, so that it deflected oil into the cavity. *Held,* No. 234,-916 was void for want of invention.

2. SAME—INFRINGEMENT.
    As the specification and the prior patent limit the claim to a combination in which the oil reservoir has a flat or slightly concave bottom, the patent is not infringed by a lamp whose oil reservoir has not such a bottom.

In Equity.
*Pollok & Mauro,* for complainants.
*Gifford & Brown,* for defendants.

WALLACE, J. Infringement is alleged in this suit of letters patent No. 234,916, dated November 30, 1880, granted to Robert Hitchcock for an improvement in mechanical lamp-shells. The patentee states that the invention relates more particularly to that class of lamps which have a continuous current of air propelled upwards through them by mechanical means, and has for its object to protect the air-forcing mechanism of such lamps from drippings of oil, which frequently flow over the sides of the oil reservoir. He also states that—

"Heretofore it has been attempted to effect this object by introducing between the outer shell of the lamp and the oil reservoir a drip-cup, by which the overflow of oil might be intercepted and prevented from reaching the mechanism below; but this device necessarily complicates the construction of

such lamp-shells, increasing their cost. This improvement dispenses entirely with the drip-cup, thereby simplifying the construction of such lamp-shells, and at the same time insures the perfect protection of the air-blast or blower."

The general description of the improvement in the specification is as follows:

"The oil reservoir, otherwise of ordinary suitable construction, is provided with a bottom flat, or, preferably, slightly concaved on its exterior, so that if any drops of oil should flow from the wick down the sides of said reservoir they could not find their way across its bottom into position to drop into the works of the air-blast below. At the narrower part of the lamp-shell, just below the oil reservoir, is a tube or thimble, secured oil-tight to the sides of the shell, and projecting upwards towards the reservoir, but leaving sufficient space between it and the reservoir for the passage of the current of air. This tube is in diameter less that that of the concaved bottom of the oil reservoir, consequently the overflow of oil from the reservoir, not being able to cross the bottom, would, when accumulated in sufficient quantity, fall from the sides of the reservoir onto the shell, and its further downward progress would be arrested on reaching the tube or thimble, and lodge in the cavity formed in between the tube and shell."

The claims are as follows:

"(1) In a force-blast lamp, the combination of the oil reservoir, formed, as indicated, at the bottom, so that drops of oil cannot flow across it, and the shell provided with an annular cavity below said reservoir, and surrounding the passage of the air-blast, substantially as and for the purposes set forth. (2) In a force-blast lamp, the combination, with the reservoir having a flat or slightly concave bottom, of a tube or thimble secured to the lamp-shell immediately below said reservoir, the space between said tube and reservoir being left entirely free, substantially as described."

In the lamps which the defendants manufacture, and which are alleged to infringe the patent, the oil reservoir is spherically shaped at the bottom, and beneath it, and attached to it, is a shallow drip-cup of a diameter larger than the tube for the air passage, provided with an annular edge, which, in case the drip-cup overflows, prevents the oil drops from flowing across its bottom, and directs them into the annular cavity. The bottom of this drip-cup is neither flat nor concave, but is slightly convex. The prior patent to Hitchcock, No. 142,103, describes a force-blast lamp in which there is an oil reservoir, the bottom of which overhangs the air passage, and is provided with a drip angle, and in which there is an annular cavity, formed by the projection of a tube into the converging sides of the lamp-shell, which tube is the air passage between the blast mechanism and the reservoir. In this lamp the drip angle is annular, forming a circle above and somewhat larger than the tube, so that oil dripping from the reservoir will be deflected by the drip angle, and fall into the cavity. The lamp has also a central air-tube extending through the reservoir to supply air to the inner side of the wick which encircles the tube, located directly above the air passage, and also a drip-cup, located between the reservoir and the air passage, to catch any drops of oil that might otherwise fall from the central tube into the air passage. In the lamp of the patent in suit, as in most of the lamps used in burning kerosene, the central air-tube is unnecessary, and is dis-

pensed with; and when dispensed with it would be obvious, upon inspecting the lamp of the earlier patent, that the drip-cup could be also dispensed with, and would, if retained, be a wholly useless device.

The improvement of the present patent relates wholly to the organization in a force-blast lamp of the two parts, the oil reservoir and the cavity below it, in such correspondence that the oil droppings from the reservoir will fall into the cavity. It is effected by changing the form of the bottom of the reservoir of the lamp of the earlier patent. The only change necessary was to omit the opening for the central air-tube and omit the drip-cup; but the patentee, besides doing this, altered the shape of the bottom, so that it should be flat, or, preferably, slightly concave, —a change which did not affect the efficiency or the office of the drop angle in the least. In view of the lamp of the earlier patent, it would seem to be clear that the patent in suit is void for want of invention.

The claims of the patent are limited by the language of the specification, and also, in view of prior patent No. 142,103, to a combination in which the oil reservoir has a bottom which is flat or slightly concave. The reservoir of the defendant's lamp does not have such a bottom. The drip-cup attachment cannot be considered as an equivalent for the flat or convex reservoir bottom of the patent, not only because it has not a flat or convex bottom, but also because, as is expressly stated in the specification, the invention patented dispenses with a drip-cup.

The bill is dismissed, because the patent is destitute of patentable novelty, and because the defendants do not infringe.